C. A. SOLOMON, ordinary, *et al.*, plaintiffs in error, *vs.* WILLIAM B. TARVER & BROTHER, defendants in error.

1. The third section of the act of 1866, authorizing the ordinaries to levy an extra tax sufficient to pay all just and equitable debts contracted for the prevention of the spread of small-pox, is a law of force in this state, although the same is not incorporated in the Code.

2. The ordinaries have no legal authority to levy an extra tax for educational purposes without the recommendation of the grand juries of their respective counties. Whether with such recommendation, *quære?*

Tax. County matters. Small-pox. Schools. Before Judge HILL. Twiggs Superior Court. At chambers, June 10th, 1874.

For the facts of this case, see the decision.

J. T. GLOVER; WARD & CROCKER; C. A. SOLOMON, by brief, for plaintiffs in error.

Z. D. HARRISON, for defendants.

WARNER, Chief Justice.

This was a bill filed by the complainants against the defendants, praying for an injunction to restrain the collection of a county tax assessed by the ordinary of Twiggs county, as the complainants allege, without authority of law. The presiding judge, on hearing the motion for the injunction, granted the same so far as to restrain the collection of the tax assessed for small-pox purposes, and the tax assessed for educational purposes, whereupon the defendants excepted.

1. The act of 1866 declares that the justices of the inferior court (now the ordinary) of each county in this state, within the limits of which any case or cases of small-pox may appear, or has appeared, are hereby authorized and empowered to provide a suitable hospital for those so afflicted, and to furnish them with medical, and any other attention that in their judgment, those so afflicted may require; also, to provide proper quarantine regulations to prevent the spread of the disease; that said court (now the ordinary) shall make or cause to be made, a proper and just account of all expenses accruing from said quarantine, and other attention, either medicinal or nursing, of all of whom they have under their control; that the inferior courts (now the ordinaries) in the several counties in this state be, and are hereby, authorized to levy an extra tax sufficient to pay all just, equitable debts contracted under the provisions of this act. The third section of the act of 1866, which authorizes the ordinary to levy an extra tax to pay all just and equitable debts contracted under the provisions of that act, is not to be found in Irwin's Code, or in the new Code, although it was enacted subsequently to the adoption of the old Code, which went into operation in January, 1863. This was an act to prevent the spread of small-pox in this state, and the extra tax authorized to be levied by the ordinary for that purpose is wholly independent of the general taxing power conferred on the ordinary by the 509th section of the Code. The third section of the act of 1866, authorizing the ordinary to levy an extra tax sufficient

to pay all just and equitable debts contracted for the prevention of the spread of small-pox, is a law of force in this state, although the same is not incorporated in Irwin's Code. The object of the law was to protect the people of the respective counties from the effects of a loathsome disease. Inasmuch as the grand jury of Twiggs county have recommended the payment by the ordinary of the amount specified in their presentments, as set forth in the record, the injunction granted by the court should be modified so as to allow the amount recommended by the grand jury to be collected for small-pox purposes.

2. But as it does not affirmatively appear from the presentments of the grand jury, as set forth in the record, that they recommended the levy of a tax of twenty-five per cent. for educational purposes, the ordinary had no legal authority to do so, and the injunction was properly granted restraining the collection of that tax. Whether the ordinaries have the legal authority to levy an extra tax for educational purposes, with the recommendation of the grand' juries of their respective counties, since the passage of the act to perfect the public school system, and to supersede existing school laws, we express no opinion. All that we now decide is, that the ordinaries have no legal authority to levy an extra tax for educational purposes without the recommendation of the grand juries of their respective counties.

Let the judgment of the court below be reversed, and the injunction modified in conformity with this opinion.